IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,426-01






EX PARTE JUAN CARLOS ALVAREZ








ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS


FROM CAUSE NO. 787007-B IN THE 338
TH JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam. 


O R D E R



 The record in this case came to this Court as a subsequent application for writ of
habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure
Article 11.071 § 5.

 In September 1999, a jury found applicant guilty of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at
death. This Court affirmed applicant's conviction and sentence on direct appeal. Alvarez
v. State, No. AP-73,648 (Tex. Crim. App. Oct. 30, 2002)(not designated for publication). 
On September 10, 2001, applicant timely filed his initial post-conviction application for
writ of habeas corpus in the convicting court where it remains pending. According to
applicant, one of the allegations raised in that initial application was a claim that, because
authorities failed to notify him of his rights under the Vienna Convention, his
constitutional rights were violated, and evidence was illegally obtained and used against
him at trial. On March 28, 2005, well after the time for filing an initial application,
applicant filed a document in the trial court entitled "Supplemental Brief Relating to
Vienna Convention Claim Raised in Post-Conviction Application for Writ of Habeas
Corpus." The trial court declared the document a subsequent application and forwarded it
to this Court. 

 However, the document appears to do exactly what it claims to do: it addresses
"jurisprudential matters and precedent, relevant to his Vienna Convention [allegation],
which had developed in the three and a half years since Applicant's original application
was filed." By all appearances, the document does not assert additional claims, nor does
it expand upon a claim already raised. Therefore, the trial court erred in declaring the
document a subsequent application. The argument and authorities raised in the document
should be considered, to the extent they are appropriate, in conjunction with the claim
already before the trial court. 

 IT IS SO ORDERED THIS THE 6TH DAY OF JUNE, 2007.

Do Not Publish